## VAN CORT v. VAN CORT.

On an application for a new trial of a feigned issue in a divorce suit, the affidavits brought before the court on both sides are to be taken together to ascertain whether there is a ground for disturbing the verdict within any principles governing courts on the granting new trials in such cases; and if not, then the only consideration for the court is, whether the judge, on the trial, erred in admitting or rejecting testimony or in giving any directions or in any law points whereby injustice has been done.

Although witnesses, on a feigned issue, have been examined to matter foreign to the issue and they have been excepted to, yet if no use is afterwards made of their testimony, it is to be presumed that it has not influenced the jury and will not be ground to disturb the verdict.

Where a witness has been examined and cross-examined, it is in the discretion of the judge to permit the cross-examination to be resumed. The refusal is not a ground for a new trial, unless the defendant can show he has lost the benefit of material disclosure.

On a feigned issue in an adultery case, the husband of the woman with whom the defendant is charged to have had connection is a competent witness.

After the evidence of a woman, alleged to have been the adulteress, was through, other witnesses were brought to prove her conversations and declarations touching some or the matters she had been examined about and involving her conduct and that of the defendant charged with the adultery: *Held*, that their introduction was not improper.

THIS suit came before the court on a case for a new trial at law of a feigned issue. The bill was for a divorce by a wife, Eliza Van Cort, against the defendant, Charles J. Van Cort, on the ground of adultery. The jury had found that the defendant had committed adultery. The decision of the court contains sufficient of the facts.

Dec. 11,
14, 24.
1844.

Divorce.
Adultery.
Feigned
issue.
New trial.

Mr. *A. J. Spooner* and Mr. *Whiting*, for the defendant.

Mr. *J. Dikeman* and Mr. *Greenwood*, for the complainant.

THE VICE-CHANCELLOR :—On the testimony presented, I am well satisfied, as the circuit judge was, that it warranted the conclusion of the jury ; and, therefore, that the verdict is not to be set aside on any ground of want of evidence to support or of a preponderance of proof against it.

I am, likewise, satisfied that the affidavits got up for the purpose of aiding the motion for a new trial, especially when taken, as they must be, in connection with the opposing papers, do not furnish a sufficient ground for disturbing the verdict.    They do not show surprise, accident, the misconduct of a witness or of the opposite party in preventing a fair trial or newly discovered evidence within any acknowledged principle governing the court in granting new trials for such causes.   If, then, the defendant is entitled to a new trial, it must be because the judge erred in admitting or rejecting evidence on the trial or in the directions he gave in relation to some point of law by which injustice has been done to the defendant and an unrighteous verdict obtained.

The first objection relied upon is : to the testimony given on the trial by the two police officers Stewart and Joseph. Their testimony certainly appears to have been foreign to the case and entirely immaterial to the issue.   It was, for that reason, excepted to ; but, as no use was afterwards attempted to be made of the testimony, by connecting the parties or either of them with the fact proved by these two witnesses, it may fairly be presumed to have had no influence whatever on the minds of the jury.   The objection was, not to the competency of those men as witnesses, but to their testimony after it had been given ; and it does not appear but that the defendant had the full benefit of his objection. Hence, it is not a ground for interfering with the verdict.

The next objection taken on the trial was, that the defendants were not permitted to resume the cross-examination of Lyon, a witness, after his examination on both sides had been closed.   I consider that, after what had been done, it was a matter resting in the discretion of the judge to permit or not—as he might think proper—the examination of the witness to be resumed ; and that his refusal to allow it is not a ground for a new trial, unless the defendant could show that he had lost the benefit of some material disclosure

which the witness was prepared to make. It is only where a party is materially or injuriously affected by an infringement of the rules of evidence or by the improper admission or shutting out of testimony that the court feels itself bound to interfere with a verdict which is in other respects unobjectionable: *Willoughby* v. *Comstock*, 3 Hill's R. 389.

The next—and the most important point presented by the case for consideration—is: as to the admissibility of Osborn, the husband of the woman with whom the defendant was charged to have committed the adultery in question, as a witness to prove the adulterous intercourse, notwithstanding the objection that, if his testimony should tend to fasten the charge upon the defendant, it would, at the same time, implicate his own (the witness's) wife as an adulteress?

The objection to the admissibility of Osborn as a witness does not rest on any supposed or supposable interest in the suit, for neither he nor his wife were parties. Nor does it rest on the ground that his testimony could be used in any collateral action which he might bring against his wife for a divorce or against the defendant, Van Cort, for criminal conversation with her—or that the record of Van Cort's conviction of the adultery in this suit of his wife against him, founded wholly or partially on the testimony of Osborn, would avail the latter as evidence in any such collateral suit or proceeding he might think proper to institute. But, the objection against him, as a witness, is: that the policy of the law forbids that a husband or a wife should ever be allowed to give evidence which may criminate or even tend to criminate each other. This was the rule as laid down in the case of *The King* v. *Cleviger*, 2 T. R. 263; but when it came under discussion, in one or two subsequent cases, before the same court, it was acknowledged to be too broadly stated and has not been followed to the full extent: 2 Starkie's Ev. 710; 1 Phillipps's Ev. 79, 80. And in Cowen and Hill's notes to Phillipps, 4 vol. 1555, it is remarked, with reference to all the later decisions on the point, that the notion of such testimony being inadmissible from policy seems to be pretty much given up in England: and see further on the subject: *The King* v. *The Inhabitants of Boothwick*, 2 Barn. & Adolphus, 639 and *The King* v. *The Inhabitants*

*of all Saints, Worcester*, 6 Maule & Selwyn, 194. And from this last case it will appear that a wife may be received to prove facts going to show the criminality of the husband, provided her testimony, thus given, will not be evidence to affect him in a prosecution afterwards.

It seems to me, however, that it might involve consequences of too serious a character to domestic peace to adopt that as the rule in all cases. But, be that as it may, the present case is not one where the husband was called upon to prove matters which went to criminate the wife. Adultery is not, at common law nor by the statute laws of New York, a criminal offence indictable and punishable as such. And the rule which excludes a husband or a wife from testifying against each other in a suit or action where neither of them is a party or interested in the general result, so as to disqualify them from being sworn as witnesses at all, is: that they may be allowed to prove any fact, provided the evidence they are called on to give does not directly criminate the other or lead to a criminal charge and the arrest or apprehension of the other: 2 Starkie, 709. On an indictment for adultery, where, by the *lex loci*, it is made an indictable offence, the husband of the woman with whom the crime is alleged to have been committed cannot be a witness for the prosecution: *The State* v. *Garner*, 1 Root, 485; S. P. Wharton's Digest, 265. But that cannot be the rule here, in New York. I must hold, therefore, as did the circuit judge, that Osborn was a competent witness; and that it was admissible for him to testify as he did, although his testimony implicates his wife in the charge of adultery but which was not criminating her in a legal sense and especially as the testimony he gave and the record of the conviction which may follow will not avail him as evidence in any suit or proceeding he may undertake.

One other objection remains to be noticed. After Mrs. Osborn had been examined as a witness on the part of the defendant and had been cross examined, some other witnesses were asked as to her conversations and declarations which they had heard her make touching some of the matters she had testified about and which were pertinent to the issue, involving as they did, not only the defendant's con-

duct but her own. This sort of evidence was the subject of an exception on the trial. It seems to me, however, that there was nothing improper in it; and I believe that no rnle of evidence was violated by permitting such inquiries to be made. Mrs. Osborn's conduct had been the subject of inquiry and remark throughout the trial, as well as the defendant's—and necessarily so. It was a part of the *res gesta.*

New trial denied.