JEFFERSON B. CONLEY, Respondent, *v.* WILLIAM H. MEEKER et al., Appellants.

A party cannot give proof of specific acts for the purpose of impeaching the character of a material witness against him.

J., a material witness for the plaintiff in this action, was sought to be impeached by showing that he had served as a convict in a State prison. He admitted this to be a fact, but asserted a reformation and subsequent honest and orderly life. Defendant then offered to show by another witness that he had seen J. gamble, and that he (J.) was connected with and ran gambling-houses since he professed to have reformed. This evidence was rejected, and an exception taken. *Held,* no error ; that it was a collateral issue, as to which defendants were bound by the answer of J. ; that they could not go into proof of specific acts on the question of his character.

(Argued April 18, 1881 ; decided April 26, 1881.)

ASIDE from the question presented and decided, as above stated, the following points were presented in this case :

The action was brought to recover the amount alleged to have been agreed to be paid by plaintiff to defendants for the use of a barge owned by the plaintiff and J. A written instrument, executed by defendants, was given in evidence. Oral evidence was given on behalf of plaintiff, showing the making

of the alleged contract, and defendants' counsel asked the court to charge that the writing made by them did not contain the necessary elements of a contract, and that, alóne, it did not show a contract or obligation entered into by them with anybody. The court declined so to charge, but did charge that the jury were to take the paper as it was supplemented by the proof, and to say whether or not a contract was entered into, as claimed by plaintiff. *Held*, no error; that a court is not bound to put any proposition, although it be correct in itself, to the jury in the very terms formulated by counsel; if the jury are correctly instructed as to the point the party is not legally harmed.

The court was requested and refused to charge that in case of warranty the burden of proof is upon the warrantor. *Held*, no error; that, as an abstract proposition, it is not every case where there is a warranty that the burden of proof is upon the warrantor, and so the proposition was too broad to be laid down without limitation, and none was suggested; also, because there was no suggestion of any facts that would call for the application of the rule with proper limitations.

*Hamilton Odell* for appellants.

*J. A. Shoudy* for respondent.

Folger, Ch. J., read for affirmance.
All concur.
Judgment affirmed.