a debtor, who is innocent in fact, is not sufficient ground of imprisonment. Actual intent to defraud should be clearly established. (*Spies* v. *Joel*, 1 Duer, 669 ; *Caldwell's Case*, 13 Abb. 415; *Birchell* v. *Strauss*, 28 Barb. 296 ; *Krauth* v. *Vial*, 10 Abb. 139; *Pacific Mutual Ins. Co.* v. *Machado*, 16 id. 454.)

*Samuel C. Mount* for appellant.

*William B. Tullis* for respondent.

TRACY, J., reads for reversal of orders of General and Special Terms, and for granting motion to vacate order of arrest.
All concur, except RAPALLO, J., absent.
Ordered accordingly.

---

SAMUEL B. RAYMOND, as Assignee, etc., Respondent, *v.* HENRY E. RICHMOND, as Sheriff, etc., et al., Appellants.

(Argued March 20, 1882; decided April 11, 1882.)

THIS action was brought by plaintiff, as assignee for the benefit of creditors of one Jones, to recover for the alleged conversion of a stock of goods, which were taken from his possession by defendant Richmond by virtue of an execution against one Mrs. Hinman, who was the former owner, but who, plaintiff claimed, sold and transferred the goods to Jones.

Upon a former appeal in this case (78 N. Y. 351) it was held that a judgment in his favor in an action brought by plaintiff, as assignee, against Jones and Mrs. Hinman to determine the title to the goods was conclusive as against them, but that a judgment creditor of Mrs. Hinman could assail the transfer by her to Jones as fraudulent. Upon the second trial the question as to the fraud was submitted to the jury upon evidence which the court here deemed sufficient, and was decided adversely to defendants. The charge of the court on trial was not excepted to. Defendants' counsel asked for additional directions which were merely restatements in different language of the points of law already laid down, or requests to separate the propositions. *Held*, that a refusal to do this was not error.

Mrs. Hinman executed to Jones a bill of sale of the goods absolute on its face. No fraud or mistake was alleged as to its form or execution. On the trial Mrs. Hinman, as a witness for defendant, was asked "was there any intentional sale made by you of the stock and business to Edward Jones at any time, an intentional and absolute sale made by you at any time?" This was objected to and excluded. *Held* no error.

*Geo. E. Ripsom* for appellant.

*Theodore Bacon* for respondent.

Opinion by DANFORTH, J.
All concur, except ANDREWS, Ch. J., not present at argument.
Judgment affirmed.

---

THOMAS H. McGRAW et al., Appellants, *v.* HENRY BAGLEY et al., Respondents.

(Argued April 2, 1882; decided April 11, 1882.)

*Adelbert Moot* for appellants.

*S. C. Peck* for respondents.

Agree to affirm; no opinion.
All concur, except FINCH, J., who takes no part, and TRACY, J., absent.
Judgment affirmed.

---

DANIEL W. FORD, Assignee, etc., Appellant, *v.* THE UNION NATIONAL BANK OF ALBANY, Respondent.

(Argued March 21, 1882; decided April 11, 1882.)

*Edgar L. Fursman* for appellant.

*Samuel Hand* for respondent.

Agree to affirm; no opinion.
All concur, except ANDREWS, Ch. J., and TRACY, J., absent.
Order affirmed and judgment absolute against plaintiff.