MARGARETTA PFEFFELE, AS ADMINISTRATRIX, ETC., OF CHRISTIAN PFEFFELE, DECEASED, RESPONDENT, v. THE SECOND AVENUE RAILROAD COMPANY, APPELLANT.

*Requests to charge — when a refusal to allow a request to be made is error.*

In this action, brought to recover damages for an alleged wrongful act of the defendant which occasioned the death of the plaintiff's intestate, the liability of the defendant depended upon whether or not the connection rod of a brake broke before the car reached the top of a hill or at the top thereof. Many requests to charge were handed to the judge before he charged the jury, and exceptions were taken to his charge as delivered. Just before the jury retired the counsel for the defendant requested the court to charge that if the jury believed the connection rod broke at the top of the hill, the defendant was entitled to a verdict. The court having answered, "I have charged your request in that respect," the counsel said, "I ask your honor to charge it in that language." The court replied, "I will not accept any request now, the

counsel having already presented his requests to charge." When the counsel excepted to its refusal the court refused to allow any exception to be taken, upon the ground that the counsel had already presented their requests.

*Held*, error. (DAVIS, P. J., dissenting.)

APPEAL from a judgment, entered on a verdict in favor of the plaintiff, and from an order denying a motion for a new trial made upon the minutes of the justice before whom the action was tried.

*Austen G. Fox*, for the appellant.

*Samuel Untermyer*, for the respondent.

BRADY, J.:

This action was brought to recover damages for the alleged wrongful act of the defendants in causing the death of the plaintiff's intestate. The deceased was employed by Clausen & Son, and on the 26th of August, 1882, was engaged in driving one of their beer trucks across the track of the defendants at Forty-seventh street in Second avenue, when the truck was struck by one of the defendants' cars, the effect of which was to throw him to the street, and his horses turning pulled the wheels of the truck over his body, causing his death almost immediately. He approached the track from the east. The car was going north and down a steep hill, near the bottom of which the accident occurred. The car seems to have been beyond the control of the driver, the front connection rod having been broken. The plaintiff claimed there was some evidence showing that the connection rod broke before the car reached the top of the hill and the court seems to have sustained that claim. The cause has been thrice tried, resulting twice in a verdict for the plaintiff and once in a disagreement of the jury. Many requests to charge were handed to the learned judge before he began to express his views to the jury, and many exceptions to his charge as delivered were taken.

After the learned judge had expressed himself and had passed upon the requests presented on behalf of the defendants, but before the jury retired, and immediately upon his concluding, the counsel for the defendants requested him to charge the jury that if they believed the connection rod broke at the top of the hill the defendants were entitled to a verdict. To which the court responded :

" I have charged your request in that respect." The learned counsel then said : " I ask your honor to charge it in that language." To which the court said : " I will not accept any request now, the counsel having already presented his requests to charge." Whereupon the counsel for the defendants excepted to the refusal of the court to charge and to its refusal to accept any request. The court then said decidedly it would not allow any exception to a refusal to charge, because the court had already asked counsel to present their requests ; that they had done so, and the court having charged the jury, refused to accept another request. This we think was error.

The refusal to accept a request to charge is a fatal error in the conduct of a trial. (*Chapman* v. *McCormick*, 86 N. Y., 479.) It is true in that case no requests to charge had been presented prior to the commencement of the charge. It seems to be quite apparent that in principle it makes no difference whether the requests to charge are presented before or after the charge is delivered. In *Raymond* v. *Richmond*, the right to ask after the charge additional directions was recognized and sustained. (See 88 N. Y. Rep., 671, and Case, Ct. of App. Cas., N. Y. City Bar Ass'n, vol. 16.) While it is quite apparent that in many instances the charge itself may present an unforeseen view and create an unforeseen necessity which may demand from counsel, in the careful conduct of their case and in the protection of their client's rights, the preparation of other requests, a necessity which may arise from the manner in which the previous requests had been disposed of or treated by the justice presiding at the trial, by his refusal to acquiesce in some and his treatment of others, and the expression of original views of the facts, circumstances and law of the case ; yet it is impossible for counsel to anticipate what disposition of their requests will be made, or what views may be expressed with regard to them or of the case itself. In any, and indeed in all, of these emergencies the necessity for further requests may exist, and it is not only a right but the duty of counsel to make such requests in the discharge of his professional obligations, not only to his client but to the court, as the emergency demands. It is not to be denied that requests to charge very often assist in the administration of justice, either by preventing the enforcement of a rule not applicable to the case, or by preventing the omission of one which is controlling.

For these reasons, although we confess with very great reluctance, it seems to be necessary to grant a new trial in this case.

DANIELS, J., concurred.

DAVIS, P. J. (dissenting):

I should concur with my brethren if requests had been presented which arose out of anything said in the course of the charge, making in the estimation of counsel further explanation necessary, or out of the rulings on the requests already presented ; but in this case the request was substantially a repetition of one already presented and on which the learned judge had already charged, and it was presented for the purpose of asking the court to charge in its exact language.   To refuse to do that was no error.   The judge had already charged on the subject and was not bound to take his words from the mouth of the counsel.   The judge said it is true, that he would receive no further requests and that remark was excepted to, but that exception raises no material question because no further requests were offered.   The declaration of the court did the defendant no injury because it is not shown that he desired to present any further requests beyond the one just refused.   If erroneous the remark was under the circumstances harmless and the exception to it of no value.

To make such a refusal ground of error it must appear that further requests were presented, and *what they were,* and that they were material to the issue, or some issue of the case, or to correct some misapprehension or mistake of the court, or to save some right of exception to the charge important to the party.

The exception in this case to the general refusal raises only a question of general practice, not one of particular injury, and ought not, therefore, to be settled at the expense of the plaintiff.

I think the exception not well taken and that the judgment should be affirmed.

Judgment reversed, new trial granted, costs to abide event.