ALLEN *v.* DRY-DOCK, E. B. & B. R. Co.

(*City Court of New York, General Term.* December 4, 1888.)

**1. CARRIERS OF PASSENGERS—INJURIES TO PASSENGERS—DEFECTIVE STREET CAR.**

Where a street car driver closes the door to keep out a drunken man, who, in his efforts to open it, breaks the glass so that it is ready to fall, and, knowing that injury is done, neglects to examine its extent, and to warn a passenger who attempts to enter, the company is liable for injuries caused by the falling of the glass.

**2. SAME—CONDITION OF CAR—EVIDENCE.**

Evidence as to the absence of a conductor, and existence of steps in front, the broken door being in the rear, is descriptive of the situation under which the car was run, and properly admitted.

**3. SAME—DEFECTIVE CAR—RULES OF COMPANY.**

Testimony of the driver that the rules of the company required him not to take any passengers when the car became damaged *en route* shows the rule of law on that subject irrespective of any rule of the company, and is properly admitted.

4. HORSE AND STREET RAILROADS—NEGLIGENCE—ABSENCE OF CONDUCTOR.

   The fact that there was no conductor on the car is not necessarily evidence of negligence on the part of the company; and an instruction that the jury may consider it, is not error, no instruction that it did not constitute evidence of negligence being requested.

5. SAME—INJURY TO CAR EN ROUTE.

   Where the car was in good order at the beginning of its trip, and had been damaged when plaintiff attempted to enter, the company is not excused from omission to furnish a road-worthy vehicle; the rule that the company is not liable for defects occurring on the journey having reference to the journey of the passenger.

6. WITNESS—CREDIBILITY—IMPEACHMENT.

   The driver, having been called to contradict the testimony of plaintiff, may be asked whether he had not been discharged by a previous employer for embezzling money, as tending to show bad moral character, and break down his credibility.

Appeal from trial term; BROWNE, Justice.

On January 14, 1887, one of the horse cars (commonly called a "bob-tail") of the defendant, the Dry-Dock, East Broadway & Battery Railroad Company, started on its trip up town. It was road-worthy and in good condition when it started. At the junction of Chatham and Pearl streets, a drunken man attempted to get in the car at the usual place of entrance, which is the rear end. The driver determined to keep him out, and therefore kept the door closed by some contrivance connected with the brake of the car, which is in front where the driver stands. The drunken man pulled at the door until he tired in his efforts to open it, and, after abandoning the attempt, left the car at Catharine street. When the car reached Pike street, a lady attempted to get in at the rear end of the car, but could not open the door, which had by the vigorous jerking become displaced from the track on which it moved. The lady, at the request of the driver, then got in by the front door of the car. At the corner of Columbia and Grand streets the plaintiff, Stewart C. Allen, boarded the car at the appropriate entrance,—the rear end,—took hold of the handle of the door, and in his effort to open it pieces of glass in a cracked window of the car door fell down upon his left thumb, causing it to bleed, and making it necessary to employ medical aid. The physician who attended the plaintiff testified that the injury consisted of a sharp, penetrating wound on the thumb, going through the skin and all the tissues until it reached the bone. The witness thought it severed a tendon at that point, and that the plaintiff would never have the use of the thumb again. The evidence does not clearly show how the window pane became cracked; and the only way of accounting for the fact is that the drunken man, in his mad effort to open the door, fractured the glass, so that when the plaintiff attempted to open the door the broken glass fell upon his thumb, and inflicted the injury of which he complains. The driver testified that he knew the door was out of order when the plaintiff attempted to enter the car, and that he in consequence told the plaintiff not to attempt to open the rear door, as it was out of order, and could not be opened further than it was. The plaintiff denied that the driver made any such statement, or gave any such intimation. The jury believed the plaintiff, and, having found in his favor, we accept his version of the affair as true. The jury at the trial had before Mr. Justice BROWNE awarded the plaintiff $700 damages, and from the judgment entered on this verdict the defendant appeals.

Argued before McADAM, C. J., and EHRLICH, J.

*Robinson, Scribner & Bright,* for appellant. *A. J. Dittenhoefer,* for respondent.

McADAM, C. J., (*after stating the facts as above.*) A common carrier of passengers is not responsible for injuries suffered by them from any cause other than the negligence of persons employed by it, (2 Shear. & R. Neg. 4th Ed. § 494;) the rule that such carriers are bound to provide safe vehicles, and are liable for the consequence of defects irrespective of the question of negli-

gence, (*Alden* v. *Railroad Co.*, 26 N. Y. 102; *Hegeman* v. *Railroad Corp.*, 13 N. Y. 9,) having been modified by subsequent cases, (*Carroll* v. *Railroad Co.*, 58 N. Y. 138; *McPadden* v. *Railroad Co.*, 44 N. Y. 478,) wherein the doctrine laid down in *Christie* v. *Griggs*, 2 Camp. 79, that a carrier of passengers is not an insurer of their safety, was reaffirmed. The plaintiff's action is therefore founded on the defendant's negligence, and, unless that feature of the case has been established, the action must fail.

A carrier of passengers is not required to be gifted with prescience, nor is it bound to know, or chargeable for not knowing, things which ordinary skill and foresight would not have revealed; and there was no negligence established in this case, unless the act of the driver in receiving the plaintiff upon the defendant's car, in its disabled condition, imputes negligence to it. The car was road-worthy and free from all defects at the time it commenced the journey on the trip in question; and this is enough, ordinarily, to exempt the carrier from responsibility. *Burns* v. *Railroad Co.*, 13 Ir. Com. Law, 543. But the rule, to be reasonable, must have reference to the journey of the passenger, as well as the trip of the car. The plaintiff's journey commenced at the corner of Columbia and Grand streets, and he was injured at the beginning of it by reason of the disabled condition of the car at that time. True, the executive officers of the defendant did not know of the injury; nor had its car inspectors any opportunity to learn of it, for their examinations are made only after the cars reach the depot. The driver of the car, however, knew that it was disabled; for he at once attributed the injury to the drunken man who boarded the car, and he cautioned the lady who attempted to enter the car at Pike street about the injury. The fact that he did not know that the window pane had been fractured, and was in danger of falling out upon any one attempting to open the door, is owing to his indifference as to the extent of the injury done; for, if he had gone to the rear of the car, a casual look would at once have apprised him of the true situation, and the dangers incident to it. The driver was negligent in not making the examination suggested, and is chargeable with knowledge of all that the required examination would have revealed. There being no conductor on the car, the driver had exclusive charge of it. He represented the company as to any matter connected with its management and control, (Wood, Ry. Law, 449–452, 1202;) and knowledge chargeable to him is, under such circumstances, imputable to it. In the nature of things, corporations must act solely through agents; and that their powers and duties may differ in degree should make no difference in so far as duties and liabilities to passengers are concerned. The driver, during the trip, was the sole agent and representative of the corporation; and its authority, within the scope of his duties, was for the time being, vested in him. The driver might and should have discovered the fractured glass, and either warned the plaintiff against it, or have refused to receive him as a passenger upon the car, on account of its dangerous condition. He did neither according to the finding of the jury. The plaintiff having been injured without any apparent fault of his, the law raises a *prima facie* presumption of negligence against the defendant. *Christie* v. *Griggs*, 2 Camp. 79; *Dawson* v. *Railway Co.*, 5 Law T. (N. S.) 682. The defendant undertook to rebut this legal presumption, but the evidence by which it sought to do it proves that its driver was negligent in respect to acts for which it is answerable to the injured party. The jury found that the injuries complained of were the result of negligence on the part of the defendant, and that the plaintiff was free from fault. The evidence justified this finding, and, as the damages are not excessive, we find no reason for disturbing the verdict on the facts. The exceptions will be considered in order.

First. "*Question.* Was there a conductor on the car?" This question was proper, as the answer called for merely described the situation under which the car was run. *Burgess* v. *Railroad Co.*, 20 Wkly. Dig. 249; *Houghkirk*

*v. President*, 92 N. Y. 219, 227; *Sawyer* v. *City of Amsterdam*, 20 Abb. N. C. 227, 229. The testimony proved a fact not irrelevant. It was descriptive only. It did not prove negligence, however, and the defendant might have asked the trial judge to so charge; but no such request was made. It certainly proved that the driver was the sole representative of the defendant in charge of the car.

Second. "*Question.* Were there any steps in front?" This question, like the last, was descriptive merely, and was for a similar reason admissible.

Third. "*Question*, [to defendant's driver on cross-examination.] Is it not a fact that you left Ridleys' with money belonging to them? *Answer.* Yes, sir, I did. *Q.* Moneys that you had collected for them? *A.* Yes, sir." The defendant claims that a witness can be impeached in only three ways:- (1) By disapproving the facts stated by him; (2) by general evidence affecting his credit; (3) by proving that the witness has made statements out of court contrary to what he has testified at the trial,—citing 1 Greenl. Ev. §§ 461, 462. We think the evidence was properly received. It did not ask as to an accusation, but a fact. The distinction is obvious. Thus, while you cannot ask a witness whether he has been arrested, (*Wright* v. *People*, 1 N. Y. Crim. R. 462,) or indicted, (*Ryan* v. *People*, 79 N. Y. 599,) or expelled from the fire department, (*Nolan* v. *Railroad Co.*, 87 N. Y. 68,) you can ask him whether he was not guilty of a particular offense; for, as the court of appeals said in *People* v. *Irving*, 95 N. Y. 544: "Mere charges or accusations, or even indictments, may not so be inquired into, since they are consistent with innocence, and may exist without moral delinquency; but, where the witness is called upon to confess or deny his guilt of a crime, his answer, if in the affirmative, tends to impair the credit of the witness by its tendency to establish a bad moral character. The party putting such a collateral question is concluded by the answer of the witness, and, if he denies the offense, cannot be contradicted by other evidence." *Conley* v. *Meeker*, 85 N. Y. 618. The witness (the defendant's driver) testified that he had been discharged from Ridleys', and that he had left with moneys which he had collected for them. He had been in their employ as a driver. The unexplained failure to pay over these moneys constituted embezzlement, under the statute, (3 Rev. St. 6th Ed. p. 952, § 73,) and is made larceny by the Penal Code, § 528. The driver had been called by the defendant to contradict the plaintiff, and did contradict him as to certain material matters; and it was competent for the plaintiff to break down his credibility by proof from his own lips that he had been guilty of acts tending to prove his bad moral character. In *People* v. *Casey*, 72 N. Y. 398, the prisoner, on his trial for murder, was called as a witness on his own behalf, and on cross-examination was asked as to other acts of wrong-doing committed by him. In sustaining the trial judge, the court of appeals said: "When a prisoner offers himself as a witness on his own behalf, he is subject to the same rules of cross-examination as any other witness. He may be asked questions disclosing his past life and conduct, and thus impair his credibility. Such questions may tend to show that he has before been guilty of the same crime as that for which he is put on trial; but they are not on that account incompetent. * * * The extent to which such an examination may go to test the witness' credibility is largely in the discretion of the court." We think the right was not abused in the present instance.

Fourth. "*Question*, [to defendant's driver.] Was it not one of your duties as the driver of this Co., under the rules of the Co., not to take any passengers on board a car if it is damaged or injured *en route?*" The witness answered: "If it was broken in any way so as to hurt any one, then we were supposed not to take any passengers." This question, particularly in view of the answer made, is unobjectionable, for the witness merely stated the correct rule of law on the subject, irrespective of any rules of the company. No written or printed rules were referred to or attempted to be proved.

The other exceptions taken relate to the charge of the learned trial judge. The defendant's counsel requested the trial judge to charge that, "if the car was in good order at the beginning of the trip, then the defendant was not guilty of any negligence or omission to provide a road-worthy vehicle." The trial judge properly refused to charge in these words. The request, as applied to the peculiar circumstances of this case, is, for reasons before discussed and which need not be repeated, inapplicable to this case. The defendant's counsel excepted to the remark of the trial judge (1) that the jury might take into consideration the absence of a conductor on the car; (2) and that, if the driver received passengers after notice of the defect in the door of the car, the company would be chargeable with notice, and that there would be negligence on the part of the company after that. The reference by the trial judge to the absence of a conductor was casual and descriptive only, and did not carry with it the idea that the absence of a conductor was to be regarded by the jury as negligence *per se*, or as any evidence proving negligence. If the defendant had desired a clearer ruling on this subject it might have requested the judge to charge that the absence of a conductor was not evidence of negligence, and, if the trial judge had refused the request, the error might have been fatal to the plaintiff's case, (*Lamline* v. *Railroad Co.*, 6 N. Y. St. Rep. 248; *Railroad Co.* v. *City of Brooklyn*, 37 Hun, 413;) but no such request was made, and no such error committed. As to the second branch of the exception under consideration, the trial judge said: "The driver is in charge of the car in question, and, if he observes any defect in the car which renders it dangerous for persons to occupy it, the company is chargeable with notice if he permits passengers to enter and ride upon it after he has knowledge of such defect." If we are right in the conclusion we have arrived at in respect to the driver's powers and duties under the circumstances, (a subject before discussed,) this instruction was correct. To hold the converse of the proposition to be true, would be to decide that a driver, intrusted with the sole charge and control of a car disabled on the trip to such an extent as to endanger passengers, might nevertheless, with full knowledge of the danger, accept them on the car without imposing any responsibility whatever upon the company for the consequences. We cannot subscribe to so broad and dangerous a doctrine. Upon the entire case, we think the judgment should be affirmed, with costs.

EHRLICH, J., concurs.