### CLEWS *et al.* v. ALLEY.

*(Common Pleas of New York City and County, General Term.* May 2, 1892.)

STATUTE OF FRAUDS—VERBAL GUARANTY—ORIGINAL OBLIGATION—EVIDENCE.

Defendant was sued on a guaranty of R.'s note for $2,000. Plaintiffs testified that defendant verbally agreed to pay the note if R. did not. Defendant testified that R. promised to pay $2,000 in settlement of his share of a liability of himself, plaintiffs, defendant, and others, if plaintiffs would discount a note for him (R.) for that amount; and that he (defendant) handed the note to plaintiffs, received the proceeds of the discount, and handed the same to R., without guarantying payment of the note. R., called by plaintiffs, testified that the parties were liable for a fraudulent issue of stock, and, to compromise an action therefor to which he (R.) was not party, agreed to make payments through him in order to hide their participancy in the fraud, and that the $2,000 was plaintiffs' share of the liability. *Held,* that the evidence justified an instruction that defendant was not liable if he merely verbally guarantied payment of the note; but otherwise, if the note was really made for his accommodation, through R., as a screen.

Appeal from trial term.

Action by Henry Clews and another against John B. Alley. From a judgment for defendant, plaintiffs appeal. Affirmed.

Argued before BISCHOFF, PRYOR, and GIEGERICH, JJ.

*Abbott Bros.*, (*Albert A. Abbott,* of counsel,) for appellants. *Robert G. Ingersoll* and *Robert H. Griffin,* for respondent.

GIEGERICH, J. This action was brought to recover $2,000 and interest, upon an oral promise or guaranty alleged to have been made by the defendant to the plaintiffs. The complaint alleges the making of a certain promissory note by one George D. Roberts, bearing date March 2, 1885, whereby he promised to pay to the order of Henry Clews & Co. $2,000, with interest, six months after said date; that on March 2, 1885, the plaintiffs, at the request of the defendant, cashed the aforesaid note, and on the like request paid such cash to Albert A. Abbott; the complaint further charging that this transaction was had solely in consideration of the defendant's promise and agreement that he would pay the aforesaid note if the said George D. Roberts should fail to pay the same at maturity. The complaint was amended at the trial by adding the allegation that "Roberts, at the request of defendant, solely and without any consideration whatever, and upon the defendant's promise to protect him, the said Roberts, from any liability thereupon." The answer admits the making and delivery of the note; denies the guaranty or the receipt of any consideration on the alleged guaranty; and pleads the statute of frauds as a special defense.

It appears that on March 2, 1885, the day of the date of the note, there was an action pending by one Nott against John B. Alley and nine others, charging them with fraud in putting the stock of the Santa Maria Mining Company on the market, of which company the defendant was president and one of its largest stockholders. The plaintiff Clews was the treasurer of the company, but held only one share of the stock. The plaintiffs claimed that the defendant, and others who were largely interested in the company, were desirous of settling the litigation, but wished to settle in such a way that they would not render themselves liable to demands of a like nature in the future, while the plaintiff Clews was willing that it should be settled, provided he should not be required to pay anything towards the settlement; that Roberts, the payee named in the note, was the intermediary who arranged the settlement; that he was used "for the purpose of concealing or covering up" the terms of settlement, being, as testified to by the plaintiffs' witness George D. Roberts, that Harpending should pay $8,000, the defendant $6,000, and Clews $2,000, in all $16,000, the payments to be made through Roberts in "such a manner that it would still appear it was unsettled." It further appeared by the testimony of the said Roberts that, upon the defendant's verbal promise to protect him, he (Roberts) gave to the defendant his notes for $6,000, and a note to Henry Clews & Co. for $2,000, (the note in question;) that the defendant went away with them, and when he came back he had a check payable to Roberts' order, which the latter indorsed, and gave it to the defendant, who handed the check to Mr. Abbott. It also appeared by the testimony of the plaintiffs that the note in question was received from the defendant on March 2, 1885; that the defendant then said, "Mr. Clews, I want your firm to cash this note, and I will guaranty that it is paid; if George D. Roberts does not pay it, I will;" and thereupon, and upon the faith of these representations and statements, the plaintiffs cashed the note. The defendant's version of the transaction is that these two thousand dollars were not for him; that he never made any promise to Mr. Clews of any kind, or any agreement with him, respecting that sum of money or the note in question; that Roberts, in the presence of Clews, agreed to pay $2,000 as his part of the amount to be paid in settlement, provided Mr. Clews would discount his note in six months' time for that amount; this Mr. Clews agreed to do; that accordingly Mr. Roberts made a note for that amount, and, as he was going to the office of Mr. Clews, Roberts requested the defendant to take the note, and obtain the money for him, (Roberts,) which the defendant did, and subsequently gave

it to Roberts. It appears to have been conceded upon the trial that Roberts was not a party to the action which was settled; that he was not settling a liability in that action for himself; but the defendant testified that Roberts promised to pay $2,000 if Mr. Clews would discount his note, which he swears Mr. Clews agreed to do; and the defendant insists that the transaction was simply one of an advance of money to Mr. Roberts on his (Roberts') own note, and not a guarantee of the note in question by the defendant, as claimed by the plaintiffs.

Upon the issue thus raised the learned trial judge charged the jury, among other things, as follows: "So the question for the jury to determine in this case is whether this was the debt of Alley to Clews, or whether it was a simple guaranty by Alley of the note of Roberts, given to Clews & Co., or whether there was any guaranty whatever upon the part of Mr. Alley. If Mr. Alley promised nothing, then, of course, he is not liable in this action. If he promised that he would pay that note if Roberts did not pay it, than he is not liable, because it was a verbal promise; and, in respect to that, the jury will consider that the statute in question is a wholesome one, and designed to protect persons from liability for the debts of others, unless they have specially assumed them in writing, to protect them from being charged upon the evidence of a mere verbal contract. But if the transaction was that Mr. Alley got this as an advance from Mr. Clews, and this note was only intended as a screen to cover his obtaining this money and paying it himself, so that he was in no sense the guarantor of another, but was promising expressly to pay his own obligation, then, of course, he is liable." To this the plaintiffs took the following exception: "And I also except to your honor's reference in the charge to the statute of frauds as in any way applicable to this case, and to your honor's charge where you spoke of the probability of the jury finding on the evidence that it was a simple guaranty of a note of Roberts. I claim that there was no obligation on the part of Mr. Roberts, in any event."

This exception cannot, under any view of the evidence in the case, be sustained. If credence be given to the testimony of George D. Roberts, a witness called by the plaintiffs, that Harpending should pay $8,000, the defendant $6,000, and Mr. Clews $2,000, and that Harpending paid his share in bills, and the defendant paid $6,000 by the note of the witness Roberts, and also $2,000 by the note made by Roberts to Henry Clews & Co., then the conclusion is inevitable that Clews' share of the settlement, viz., $2,000, was paid by the identical note in question. If this view of the evidence is correct, then as the alleged promise was made upon a consideration moving to a third person and beneficial to him, and not upon a consideration moving to the defendant, so that the defendant came in merely as a surety for the plaintiffs on the indebtedness of the plaintiff Henry Clews, the promise was collateral and void, within the statute of frauds. Throop, Verb. Agr. § 663; *White* v. *Rintoul*, 108 N. Y. 222, 15 N. E. Rep. 318. On the other hand, if the defendant's version of the transaction is credited,—or if discredited, and the evidence viewed in the most favorable light to the plaintiffs, viz., that Roberts made the note in suit for the accommodation of the defendant, who obtained the money from the plaintiffs, and that this note was only intended as a screen to cover his obtaining this money for himself, so that he was in reality obtaining the money on his own obligation and on his promise to pay the same,—then the charge, as a whole, conveys the correct rule of law upon the questions presented by the evidence, and therefore the exception to the same cannot be sustained. *Sperry* v. *Miller*, 16 N. Y. 407; *Caldwell* v. *Steamboat Co.*, 47 N. Y. 282; *Losee* v. *Buchanan*, 51 N. Y. 476, 492; *Hickenbottom* v. *Railroad Co.*, 122 N. Y. 91, 25 N. E. Rep. 279; *Chellis* v. *Chapman*, 125 N. Y. 214, 26 N. E. Rep. 308.

The plaintiffs requested the court to charge: "(1) If you believe the testimony of Mr. Clews and Mr. Foster concerning the promise of Mr. Alley, you

must find a verdict for the plaintiffs. (2) A parol promise, that is, a promise by word of mouth, such as Mr. Clews and Mr. Foster testify was made, is as good and valid in law as though it had been in writing and signed by the defendant." The judge refused to charge as requested, and the plaintiffs excepted. The principle of law involved in these requests was fairly covered by the charge, and the judge was not required to charge the same proposition a second time, or in the particular language of the request. *Conley* v. *Meeker*, 85 N. Y. 618; *Raymond* v. *Richmond*, 88 N. Y. 671, *mem.; Esmond* v. *Kingsley*, (Sup.) 3 N. Y. Supp. 696. These exceptions to the judge's charge cannot, therefore, be sustained. The verdict of the jury is amply sustained by the evidence, and we can find no reason to interfere with their determination of facts.

The judgment and order appealed from should therefore be affirmed, with costs to the respondent. All concur.