JAMES H. DOOLITTLE, Respondent, *v.* MELINDA GAMBEE, Appellant.

*Husband and wife — goods sold and delivered as alleged, to the wife — proof of sales to the husband by other parties — making a hostile witness one's own — discrediting him — scope of cross-examination — proof of specific acts impeaching credibility.*

Where the main issue in an action is as to whether the plaintiff sold and delivered goods to the defendant, a married woman, or whether the goods were sold and were properly chargeable to her husband, it is not admissible for the defendant to show that during the time in question other parties sold goods to the husband and looked to him for the payment therefor.

The defendant, in an action brought to recover the purchase price of goods sold, in order to substantiate her defense of payment, called a witness previously sworn for the plaintiff and made him her own witness as to the new matter and then sought to discredit him as to his former evidence.

*Held,* that if the defendant was not precluded from discrediting the witness as to his statements made when he was testifying for the plaintiff, that the defend-ant's examination of the witness, in regard to the transaction testified to by him, was to be deemed cross-examination, and that the extent to which it should be permitted rested in the discretion of the court.

Specific acts of a witness, the effect of which would be to impeach the value of his testimony, cannot be proved.

APPEAL by the defendant, Melinda Gambee, from a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of Onondaga on the 16th day of January,

1895, upon the report of a referee, with notice of an intention of bringing up for review upon the appeal the report of the referee.

In the complaint in this action it is alleged that at divers dates from May 14, 1892, to June 8, 1893, the plaintiff sold and delivered to defendant goods, wares and merchandise to the amount of $362.68; that payments thereon were made to the amount of $165, and judgment was asked for the balance. In the answer the defendant denied that any of the goods were sold and delivered to her, and alleged that the sale, if any, was to Martin Gambee, her husband. During the progress of the trial the defendant was allowed to amend her answer by setting up payment. The referee found a sale and delivery of the goods to the defendant, and that payments had been made to the extent of $199.50 and ordered judgment against defendant for the balance.

The specific acts of the witness Wilson, which the defendant sought to prove by one Babcock, who was bookkeeper for the plaintiff, were in substance as follows:

The defendant asked Babcock whether, as bookkeeper for the plaintiff, he had discovered that the amounts turned in by Wilson (who was a salesman for the plaintiff), and reported by Wilson as received from customers, were smaller than the sums which he had received from customers; whether Wilson had made false reports as to such matters; and whether Wilson had stated to Babcock that he had used moneys of the plaintiff, and that he expected at some future time to make the moneys good.

Answers to these questions were excluded.

*Edgar N. Wilson*, for the appellant.

*M. E. Driscoll*, for the respondent.

MERWIN, J.:

The main issue at the trial was whether the sale was to the defendant or to her husband, Martin Gambee. Upon this subject the appellant claims that the finding of the referee is against the weight of the evidence. In this view we have examined the evidence and are of the opinion that the finding of the referee on the question of the sale and delivery should not be disturbed.

Our attention is called to a number of exceptions to rulings upon

questions of evidence. The defendant owned a hotel; she and her husband lived in it; she looked after the kitchen and cooking and he looked after the outside work, the bar and billiard room, and the license was in his name. He had previously bought goods of the plaintiff, or of a firm of which the plaintiff was a member, that had not been fully paid for. The defendant offered to show that in the years 1892 and 1893 other parties had sold and shipped to the husband liquors and cigars and looked to him for pay. This being objected to was properly excluded. The transactions of the husband with other parties did not affect the plaintiff.

The defendant offered to prove by one Goodman that the plaintiff, without his consent or authority, shipped to his (Goodman's) wife liquors which were ordered by him. The time was not stated and Goodman lived in a different place. This offer was excluded. We see no good reason for admitting the evidence. The issue here was whether the defendant ordered the goods.

One Wilson was the main witness of the plaintiff in regard to five of the six sales of goods in controversy. The defendant claims that she was unduly restricted, by the rulings of the referee, in her efforts to discredit the testimony of Wilson. The plaintiff in making out his case called Wilson as a witness, and he was then cross-examined at length and his cross-examination was apparently completed. After the plaintiff rested his case, and after the defendant introduced most of her evidence on the main issue, the defendant applied for and obtained leave to amend the answer by setting up full payment of plaintiff's claim. Then, apparently at an adjourned day, the defendant called Wilson as a witness and examined him on the subject of payments made to him as the agent of the plaintiff, and showed by him that a number had been made that were not credited in full or at all by the plaintiff in the complaint. After examining Wilson as to the payments, no other witness being called by the defendant on the subject, the counsel for the defendant, for the purpose of discrediting the testimony given by Wilson on the former hearing, offered to show by him that while he was acting for plaintiff he made statements to one Goodman that contradicted his evidence while upon the stand in regard to Mr. Gambee and the account in this action. This was objected to as improper, irrelevant, immaterial and hearsay and as reopening the

case, and, also, that the witness is now called by the defendant and she cannot cross-examine her own witness as to statements made by him to somebody else for the purpose of discrediting him. The objections were sustained, the court saying that specific questions might be put and then ruled upon. The following questions were then asked : " Q. Did you say to Mr. Goodman in a conversation that you had with him in reference to this account of Mr. Gambee's, that you did not know what you were going to do with Mart (meaning Martin Gambee); that you only got barely enough to pay your livery and a little over ? " " Did you say to him upon an occasion and in reference to this account, before the commencement of this action and subsequent to the time of the conversation concerning which the last question was put, that Martin was doing better; that he had paid the account down pretty well ? " These were objected to as improper and the objections were sustained and exceptions were taken.

The defendant, by calling Wilson as to the payments, made him her own witness as to the new matter. (*People ex rel. Phelps* v. *Oyer & Term., County of N. Y.*, 83 N. Y. 459.) Whether this precluded her from discrediting him as to his former evidence is not entirely clear. (*People* v. *Moore*, 15 Wend. 419; *Mather* v. *Parsons*, 32 Hun, 338, 343; *Sawrey* v. *Murrell*, 2 Hayw. [N. C.] 397; *Barker* v. *Bell*, 46 Ala. 216, cited in Starkie on Ev. [10th ed.] 244.) Assuming it did not, then the examination as to the statements of the witness is to be deemed cross-examination, and it was an effort to recross-examine after the witness had been once fully cross-examined and dismissed and upon another day. Ordinarily, the extent of such cross-examination is discretionary. (*Van Cort* v. *Van Cort*, 4 Edw. Ch. m. p. 621; *Sheldon* v. *Wood*, 2 Bosw. 269; *Knight* v. *Cunnington*, 6 Hun, 100.) The statements in the questions put, if made by Wilson, were not necessarily inconsistent with his testimony that the orders were given by the defendant. Concededly all the payments were made by the husband, and he was the manager of the concern. Under the circumstances presented, we are of the opinion that no error was committed.

A number of disparaging questions were put to the witness as to his relations with the plaintiff in regard to the misappropriation of moneys collected by him as agent, and these were properly excluded

within the rule laid down in *Prest., Directors, etc.,* v. *Loomis* (32 N. Y. 127). A witness was asked whether Wilson ever stated to him that he had straightened up or fixed up with the plaintiff, and had given him a bond for the money he had collected or was to collect. This was not important and was properly excluded. The defendant sought to prove by one Babcock certain specific acts of Wilson that, as defendant claimed, affected his credibility. The case of *Conley* v. *Meeker* (85 N. Y. 618) sustains the ruling of the referee excluding the evidence. The defendant sought to prove the general character of Wilson, but as the objection to it by the plaintiff seems to have been waived before the witness left the stand, the defendant was not prejudiced by the ruling of the referee on the subject.

We find no good reason for disturbing the judgment, and it should be affirmed.

HARDIN, P. J., and MARTIN, J., concurred.

Judgment affirmed, with costs.