The People of the State of New York, Respondent, *v.* Charles
Brigham and Another, Appellants.

Third Department, May 3, 1929.

*Glenn F. Carter,* for the appellants.

*Frank W. Barnes, District Attorney,* for the respondent.

Hill, J. Defendants have been convicted of keeping a dis-
orderly house. The indictment pleads as the specific acts which
constituted the crime that " on or about the 11th day of March,
1928, and for a period of time thereafter and also for a period of
time previous thereto, * * * at the town of Oxford, Chenango
County, N. Y.," defendants maintained a house at which four
persons were permitted, with the knowledge and consent of the
defendants, to have sexual intercourse together, the two girls being

under the age of sixteen years, and not the wives of the men by whom they were accompanied.

Three of the persons involved testify that on one occasion they were at defendants' house, but that there were no illegal acts. However, the charge in the indictment, except as to defendants' knowledge, is sustained by one of the girls. She says that at the time of the intercourse, defendant Brigham was in another part of the house and did not know of it, and his codefendant was out of town.

Proof was offered as to the general reputation of the house and the conduct of those who frequented it, so that, while the case was not strong, a conviction would have been justified, except for the numerous errors that were committed in receiving illegal and prejudicial evidence.

The case was tried upon the theory that the Nightingale girl, who gave evidence sustaining the charge, had been virtuous until she was led into criminality by the defendants, yet proof was permitted of an act of intercourse between this girl and her alleged seducer at a place on another street in Oxford, with which neither of the defendants was connected in any way. Bad character of those who frequent a house is admissible in a case of this kind under the reasoning in *Harwood* v. *People* (26 N. Y. 190). The logic of that case does not apply here. The bad character of the Nightingale girl and her associates could not be established by such proof. " A party cannot give proof of specific acts for the purpose of impeaching the character." (*Conley* v. *Meeker*, 85 N. Y. 618.)

In or about April, 1928, defendant Sayles moved to Norwich, and a police officer there was permitted to testify that on an occasion in October he visited her new place of abode, saw her in bed, and that defendant Brigham and an unidentified man were in the same room. This was prejudicial and not relevant to the issue. A jail officer testified to a conversation with Brigham in December, 1928, wherein Brigham was quoted as having said that he had been working away for several months and on the night prior to the conversation had gone to the Sayles home in Norwich, and that while he was there $114 had been stolen from him. The mayor and *ex officio* chief of police of Norwich was permitted to testify that the defendant Sayles " has by common fame and report in this locality [Norwich] been the keeper of a house for the purposes of prostitution and assignation." This characterization was limited to Norwich and offered solely to show the bad character of defendant. Evidence of bad character cannot be given against a defendant until that issue is raised by affirmative evidence of good

character. (*People* v. *Hinksman*, 192 N. Y. 421; *People* v. *Richardson*, 222 id. 103.) This evidence would have been competent if the charge had been that a disorderly house was being conducted in Norwich. Thus, it was evidence of a crime other than that charged. It was inadmissible. (*People* v. *Molineux*, 168 N. Y. 264.)

The summation by the district attorney contained intemperate and inflammatory statements which tended to arouse racial and political prejudice. In his discussion of the fact that the defendant Sayles was a colored woman, he asserted that because of his activity upon the first trial when the jury disagreed, he had lost the negro vote in a political contest, and expressed it as his opinion that in the future the mayor of Norwich would be discriminated against by colored voters because of the evidence which he had given.

No matter what station in life a defendant may occupy, he is entitled " to have illegal and improper evidence, which may be harmful, excluded, and to have the opinion of the jury taken upon proper evidence admitted in the case and upon such evidence only." (*People* v. *Patrick*, 182 N. Y. 131, 214.) This right was denied these defendants.

The judgments of conviction should be reversed and a new trial ordered. The orders overruling defendants' demurrer should be affirmed. The appeals from orders denying applications for certificates of reasonable doubt should be dismissed.

VAN KIRK, P. J., HINMAN, WHITMYER and HASBROUCK, JJ., concur.

Judgments of conviction and order denying motion for new trial reversed for errors of law and fact, and new trial granted. Orders overruling defendants' demurrers affirmed. Appeal from order denying application for certificate of reasonable doubt dismissed.